# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

J & J SPORTS PRODUCTIONS, INC.,

           Plaintiff,

      v.                                           Case No. 18-CV-471

MCFINAGIN, LLC,
d/b/a BREW CITY TAP, and

MARK S. SILBER, individually and
as a member of MCFINAGIN, LLC,

           Defendants.

## ORDER

Plaintiff J & J Sports Productions, Inc. filed the present action on March 26, 2018. (ECF No. 1.) The case was re-assigned to this court on September 17, 2019. Only Defendant McFinagin LLC has filed a consent form. (ECF No. 27.)

On March 28, 2019, Attorney Peter Balistreri filed a Disclosure Statement indicating that he was the counsel of record and that "Dubin & Balistreri, Ltd. will be appearing for the Plaintiff." (ECF No. 6.) On October 15, 2019, Attorney Carl Dubin wrote the court that Attorney Peter Balistreri was in hospice care, and "[Attorney Balistreri] will not be involved in any proceeding moving forward." (ECF No. 28.)

On October 29, 2019, Attorney Dubin filed a motion to withdraw Attorney Balistreri and Dubin & Balistreri, Ltd. as counsel for J & J Sports Productions. (ECF No. 31.) Attorney Dubin indicated that Attorney Balistreri passed away on October 26, 2019. (*Id.*) Attorney Dubin further stated, "[t]hat with the demise of Balistreri, [he] alone is handling the practice of Dubin & Balistreri, Ltd. and has no time to learn and/or prepare to learn about J & J, their operation/facts and the piracy law necessary to properly represent J & J." (ECF No. 33, ¶ 7.)

Attorney Dubin also stated in his affidavit that Attorney Balistreri and Thomas P. Riley, lead counsel for J & J Sports Productions, had a Legal Services Agreement, which stated:

> 11. <u>WITHDRAWAL OF ATTORNEY</u>. Local counsel may withdraw at any time as permitted under the Rules of Professional Conduct of the State Bar of Wisconsin.…

(*Id.*, ¶ 8 (emphasis in original).) Attorney Dubin stated that, prior to Attorney Balistreri's death, he informed Attorney Riley of Balistreri's "pending demise" and that he would be filing a motion to withdraw, "to which Riley objected." (*Id.*, ¶ 11.)

J & J Sports Productions is a corporation. It is well-established that "[a] corporation is not permitted to litigate in a federal court unless it is represented by a lawyer licensed to practice in that court." *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008) (citing *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985)); *see also In re IFC Credit Corp.*, 663 F.3d

315, 318 (7th Cir. 2011) (citing *Rowland*, 506 U.S. at 201-02; *Hagerman*, 545 F.3d at 581; *Scandia Down Corp.*, 772 F.2d at 1427; *Nixon, Ellison & Co. v. Sw. Ins. Co.*, 47 Ill. 444 (1868); *Berg v. Mid-America Indus. Inc.*, 668 N.E.2d 699, 704 (Ill. App. Ct. 1997)) ("Corporations unlike human beings are not permitted to litigate pro se."). This rule applies even if the corporation is owned by only a few closely related individuals or by a single person who seeks to appear on behalf of the corporation. *See, e.g.*, *In re AT&T Fiber Optic Cable Installation Litig.*, 2010 U.S. Dist. LEXIS 132286, 9-10 (S.D. Ind. Dec. 13, 2010). "[T]he right to conduct business in a form that confers privileges, such as the limited personal liability of the owners for tort or contract claims against the business, carries with it obligations one of which is to hire a lawyer if you want to sue or defend on behalf of the entity." *Hagerman*, 545 F.3d at 581-82. "[C]orporations must appear by counsel or not at all." *Scandia Down Corp.*, 772 F.2d at 1427 (citing *Strong Delivery Ministry Ass'n v. Bd. of Appeals*, 543 F.2d 32, 33-34 (7th Cir. 1976)).

The court has given J & J Sports Productions time to retain new counsel and for new counsel to file a notice of appearance on behalf of J & J Sports Productions. However, successor counsel has not appeared. Therefore, the court recommends that this action be dismissed for failure to prosecute. J & J Sports Productions will have fourteen days to object.

The Clerk shall send a copy of this order to J & J Sports Productions's principal place of business, as identified in the complaint (ECF No. 1) as:

3

2380 South Bascom Avenue
Suite 200
Campbell, California 95008

The Clerk shall also send a copy of this order to Attorney Thomas Riley, who Attorney Dubin indicated was lead counsel for J & J Sports Productions, at the address provided by Attorney Dubin on his motion to withdraw (ECF No. 31):

Attorney Thomas P. Riley
Law office of Thomas P. Riley
First Library Square
1114 Fremont Avenue
South Pasadena, CA 91030-3227

**IT IS THEREFORE RECOMMENDED** that this action be dismissed for failure to prosecute. J & J Sports Productions will have fourteen days to file an objection.

Dated at Milwaukee, Wisconsin this 22nd day of November, 2019.

WILLIAM E. DUFFIN
U.S. Magistrate Judge